UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LATOYA HARRIS,

                Plaintiff,

        -against-

ADMINISTRATION FOR CHILDREN SERVICES,

                Defendant.

20-CV-6832 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

        Plaintiff, appearing *pro se*, brings this action alleging that the New York City Administration for Children's Services (ACS) wrongfully accused her of neglecting her son and allowed him to be abused while under the agency's care. On October 7, 2020, the Court dismissed the complaint as untimely because the asserted claims were filed outside the three-year statute of limitations for § 1983 claims, and Plaintiff failed to provide sufficient facts to state claims on which relief may be granted. But the Court granted Plaintiff thirty days' leave to submit an amended complaint pleading any facts to state a claim for relief and to show that equitable tolling applies to her claims.

        On November 2, 2020, the Court received an amended complaint from Plaintiff.[1] After reviewing the amended complaint, the Court dismisses this action for the same reasons stated in the October 7, 2020 order.

---

[1] Plaintiff filed an unsigned amended complaint. But in light of her *pro se* status, the Court considers her assertions in the amended complaint for the purposes of this order.

## DISCUSSION

As the Court explained in the October 7, 2020 order, claims brought under § 1983 are governed by the "general or residual [state] statute [of limitations] for personal injury actions," *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In New York, that period is three years. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79-80 (2d Cir. 2002). The Court also noted that a § 1983 claims accrues when the plaintiff "knows or has reason to know of the injury which is the basis of his action." *Hogan v. Fischer*, 738 F.3d 509, 518 (2013) (quoting *Pearl*, 296 F.3d at 80).

Plaintiff reiterates in the amended complaint largely the same allegations from her original complaint: that between 2005 and 2009, ACS removed her son from her care, and that he was abused while under the agency's care. But Plaintiff fails to address the timeliness of her claims. Although she commenced this action on August 21, 2020, more than eleven years after the alleged violations occurred, she offers no basis for equitable tolling of the statute of limitations. Plaintiff also fails to allege facts suggesting a viable claim for relief.

Because it is plain from the pleadings that Plaintiff's claims are time-barred and she fails to allege any facts suggesting any basis for equitable tolling or to state a claim for relief, dismissal is appropriate. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1),

is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to terminate all

other pending matters in this case.

SO ORDERED.

Dated: January 26, 2021
         New York, New York

                                              Louis L. Stanton
                                                  U.S.D.J.

3